S. Joseph Darrah, WSB # 6-2786
Darrah Law Office, P.C.
254 East 2nd Street
Powell, WY 82435
(307)754-2254
(307)754-5656
joey@darrahlaw.com
*Attorney for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| THE BYRON TOWN COUNCIL, in its official capacity as the governing body by and behalf of the TOWN OF BYRON, a Wyoming Municipal Corporation;<br><br>Plaintiff,<br><br>-vs-<br><br>ALEX J. CAMPOS,<br><br>Defendant. | Docket No. 20-CV-50-SWS |

_____

## PLAINTIFF'S ANSWER TO COUNTERCLAIM
_____

COMES NOW, Plaintiff, by and through S. Joseph Darrah, and files its Answer to Defendant's Counterclaim as follows:

1. Plaintiff admits the allegations contained in paragraphs 1 and 15 of the Counterclaim.

2. Plaintiff denies the allegations contained in paragraphs 4-7, 9, 14, 17, 18, 20, 21, 22, 24, 25, 27, 28, 30 and 31.

3. As to paragraph 3 of the Counterclaim, the Old School Building is located at 30 E. Main and the Home Economics Cottage is located at a **different location at 47 S. Center Street**. Therefore, that portion of the allegation is denied.

4. As to paragraph 3, the Town did agree to accept the Old School Building and Home Economics Cottage as separate parcels.

5. As to footnote 1 in the Counterclaim, Plaintiff admits that Pam Hopkinson is very knowledgeable about the events. Pam Hopikinson was appointed as chairman of a community committee in considering uses for the school building. Ms. Hopkinson is the CURRENT Mayor, but was not the Mayor at the time of the sale. The remainder of the allegations contained in the footnote are denied.

6. As to paragraph 8, Plaintiff is without information sufficient to form a belief as to the truth of the allegations contained therein and deny the same for that reason. In that regard, Plaintiff affirmatively states that the legal requirements and conditions precedent to any alleged improvements as part of the application for special use permit for the Home Economics Cottage to a rental, the Town required proper permits prior to performing any construction of improvements. The official minutes for the Town Council meeting of May 8, 2012 were read and signed by all councilmen and the Mayor referencing such requirements. Defendant failed to meet those conditions.

7. The allegations contained in paragraph 10 are confusing and unintelligible and therefore denied.

8. As to paragraph 11, the allegations are unintelligible and argumentative and are denied for that reason. Any reference to the Recreation Department of the Old School Building are not related to Plaintiff's claim and Plaintiff is immune from suit for any matter related thereto.

9. The allegations contained in footnote 2 are denied.

10. The allegations in paragraph 13 are unintelligible and therefore denied. Plaintiff further affirmatively states that it has never demanded return of the Home Economics Building or that Defendant vacate the premises of the Home Economics Building. Instead, Defendant has only attempted to renegotiate the Lease to make it a legally enforceable document.

11. As to footnote 3, the Complaint was filed under the approval of the Town Council as the vote to file a suit for declaratory judgment was unanimous by the Town Council. Therefore, that portion of the allegation contained in the footnote is denied.

12. To the extent not expressly admitted herein, Plaintiff denies any remaining allegations contained in the Counterclaim.

**Affirmative Defenses**

a. Defendant fails to state a claim.

b. Plaintiff is immune from Suit.

c. Defendant has failed in whole or in part to follow the procedures and provisions of the Wyoming Governmental Claims Act.

d. The Lease Agreement is illegal.

e. The Lease Agreement is for 99 years, well beyond the term of the then current administration of the Byron Town Council when the Mayor Pro Tem executed it without authority. Such a Lease Agreement allegedly binding future

        administrations of the Byron Town Council without definable benefit or fair terms is invalid *ab inito.*

f.      The Lease Agreement was not authorized or approved by the Governing Body of the Town of Byron.

g.      The Mayor Pro Tem was not authorized to execute the subject matter Lease Agreement.

h.      The Wyoming Constitution forbids the gifting of real property from the Town of Byron to an individual and therefore the Lease Agreement is illegal.

i.      Wyoming law requires any real property to be sold by a municipality to be appraised and advertised for sale announcing a public auction and sealed bids. The subject property was not sold or transferred as required by Wyoming law and therefore the subject Lease Agreement was void *ab initio.*

j.      The Town Council and the Town Ordinances required Defendant to apply for and be approved for permits for any construction, improvements or repairs on the subject matter building as a condition precedent to completing the same. Defendant failed to apply for or to be approved for any such permits, and therefore such improvements were illegal and unknown to the Plaintiff.

k.      The Town Council indicated that the Lease Agreement needed to be modified before the Town of Byron would execute the same. Said Lease was not modified before the Mayor Pro Tem signed the same without authority.

l.   Defendant assumed the risk of making any alleged repairs.

m.  This Court does not have subject matter jurisdiction to hear this case.

n.   The claims stated by Defendant violate the Statute of Frauds.

o.   The claims made by Defendant violate the parole evidence rule.

p.   Defendant comes to this Court with unclean hands.

q.   Defendant's claims may fail in whole or in part based upon the applicable statute of limitations.

r.   Defendant's claims fail on account of the doctrine of impossibility.

s.   Plaintiff is entitled to file suit for declaratory judgment, and as such, Plaintiff cannot be held to have inversely condemned the subject property.

t.   Plaintiff has not evicted or threatened Defendant.

WHEREFORE, Plaintiff demands that Defendant's claims be dismissed with prejudice.

DATED this 14th day of April, 2020.

/s/ S. Joseph Darrah
S. Joseph Darrah, WSB# 6-2786
Darrah Law Office, P.C.
254 East 2nd Street
Powell, WY 82435
(307)754-2254
(307)754-5656
joey@darrahlaw.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

  I, S. Joseph Darrah, hereby certify that on the 14th day of April, 2020, the foregoing was served on all parties involved in this matter as follows:

| | |
|---|---|
| Bruce S. Asay | [ x ] EM/ECF/Electronic Filing |
| Associated Legal Group, LLC | [ ] U.S. Mail |
| 1812 Pebrican Avenue | [ ] Fax: |
| Cheyenne, WY 82001 | [ ] E-mail |
| basay@associatedlegal.com | |

                /s/ S. Joseph Darrah
                DARRAH LAW OFFICE, P.C.